IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America | Crim. No. 4:11-cr-00417-TLW |
|---|---|
| v. | **Order** |
| Nicholas Miller | |

This matter is before the Court on Defendant's motion to compel the government to file a motion pursuant to Fed. R. Crim. P. 35(b) in his case. (Doc. #873.) The government has responded and opposes this request. (Doc. #878.) This is the second such motion that Defendant has filed. The previous motion was denied on May 10, 2013. (Doc. #846.)

Rule 35(b) provides that a court may reduce a sentence to reflect substantial assistance by the defendant upon a motion by the government. It is settled in the Fourth Circuit that a court may grant a downward departure in the absence of a government motion only if (1) the government has obligated itself in a plea agreement to move for a departure; or (2) the government's refusal to move for a departure is based on an unconstitutional motive. *See United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994) (citing *Wade v. United States*, 504 U.S. 181, 185–86 (1992)). A defendant seeking relief under the first factor bears the burden of proving the breach of a plea obligation by a preponderance of the evidence according to normal contract principles. *See United States v. Martin*, 25 F.3d 211, 217 (4th Cir. 1994); *United States v. Conner*, 930 F.2d 1073, 1076 (4th Cir. 1991). A defendant seeking relief under either factor is not entitled to an evidentiary hearing on the basis of mere allegations; he must go beyond mere allegations and make a "substantial threshold showing" that the government was obligated or that an unconstitutional motive was involved before an evidentiary hearing and consideration on the merits are warranted. *See United States v. Taylor*, No. 97-5002, 1999 WL 30928, at *3 (4th

Cir. Jan. 26, 1999) (requiring a substantial threshold showing on the first factor); *Wallace*, 22 F.3d at 87 (requiring a substantial threshold showing on the second factor).

In this case, the Court concludes that there is no appropriate basis to reduce Defendant's sentence. Specifically, the government has not made a Rule 35(b) motion and the Defendant has not presented evidence that the government obligated itself to file such a motion. Additionally, the Court cannot conclude that Defendant has made a substantial threshold showing of an unconstitutional motive as required to obtain relief under *Wallace*. In sum, Defendant has provided no basis to compel a reduction of his sentence under Rule 35(b). Accordingly, Defendant's motion (Doc. #873) is hereby **DENIED**.

**IT IS SO ORDERED**.

>*s/ Terry L. Wooten*
>Terry L. Wooten
>Chief United States District Judge

February 6, 2014
Columbia, South Carolina